IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
AUSTIN WAYNE BYRD,              )
                                )
            Plaintiff,          )
                                )
    v.                          )         1:23CV872
                                )
GUILFORD COUNTY,                )
et al.,                         )
                                )
            Defendants.         )
```

**MEMORANDUM OPINION, RECOMMENDATION, AND ORDER
OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Docket Entry 1) (the "Application"), filed in conjunction with his pro se Complaint (Docket Entry 2). For the reasons that follow, the undersigned will grant the Application for the limited purpose of recommending dismissal of this action.

**RELEVANT STANDARDS**

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted). "Dispensing with filing fees, however, [is] not without its

problems. . . .  In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit."  Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).  To address this concern, the in forma pauperis statute provides that "the [C]ourt shall dismiss the case at any time if the [C]ourt determines that . . . the action . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A plaintiff "fails to state a claim on which relief may be granted," id., when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  Id. (internal quotation marks omitted).  This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Id.[1]

---

[1] Although "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), the United States Court of Appeals for the Fourth Circuit has "not read *Erickson* to undermine *Twombly*'s requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th (continued...)

2

## BACKGROUND

Asserting claims (via 42 U.S.C. § 1983) under the First, Fourth, Fifth, Seventh, Eighth, Ninth, Tenth, and Fourteenth Amendments of the United States Constitution, as well as 18 U.S.C. § 1701, "HIP[A]A Privacy [Rule],"[2] and "[o]ther laws that protect the confidentiality of legal, medical mail, and financial mail" (Docket Entry 2 at 3),[3] Plaintiff initiated this action against three defendants: (1) Guilford County, (2) Guilford County Detention Center, and (3) Guilford County Sheriff's Department (collectively, the "Defendants") (see id. at 2). According to Plaintiff's Complaint:

> Guilford County Detention Center illegally withheld a piece of mail . . . that was delivered to the G[uilford ]C[ounty ]D[etention ]C[enter] front desk, reception area, or mail room at 10:00 am on June 14, 2023 in Greensboro, NC[,] with legal documents that contained confidential medical mail. Item never made it to inmate . . . . [Mail] tamper[ing ] violated [Plaintiff's] 4th [A]mendment rights . . . . 1st mailed

---

[1](...continued)
Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint); accord Atherton v. District of Columbia Off. of the Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (first quoting Erickson, 551 U.S. at 94; then Iqbal, 556 U.S. at 679)).

[2] For legibility reasons, this Memorandum Opinion uses standardized capitalization in all quotations from Plaintiff's materials.

[3] Docket Entry page citations utilize the CM/ECF footer's pagination.

```
     package was mail theft, the 2nd package [was] mail
     tampering[;] both falling under 18 USC 1701 . . . .
```

(Id. at 4.)

The Complaint requests relief, in the form of, inter alia, "$100,000 for mental suffering," and "[a]ll officers involved fired." (Id.)

## DISCUSSION

To state a claim for relief under Section 1983, Plaintiff must allege factual matter showing "that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); see also Jones v. Chandrasuwan, 820 F.3d 685, 691 (4th Cir. 2016) ("Section 1983 is not itself a source of substantive rights, but rather provides a method for vindicating federal constitutional and statutory rights.").

### I. Guilford County

To begin, the Complaint names Guilford County as a defendant (see Docket Entry 2 at 2), but contains no allegations against Guilford County specifically (see id. at 1-16). Rather, the Complaint contains vague allegations against various individuals and entities. (See, e.g., id. at 4 (asking for "Agent T. Harrelson to be "fired or suspended" without developing further factual allegations against him).) Although "Congress did intend municipalities and other local government units to be included

4

among those persons to whom [Section] 1983 applies," Monell v. Department of Soc. Servs., 436 U.S. 658, 690 (1978) (emphasis omitted), to state a viable Section 1983 claim against Guilford County (either directly or via an official capacity claim against it/employee(s)), "it must be shown that the actions of [persons employed by Guilford County] were unconstitutional and were taken pursuant to a custom or policy of [Guilford County]," Giancola v. State of W. Va. Dep't of Pub. Safety, 830 F.2d 547, 550 (4th Cir. 1987) (observing that official capacity suits actually target employing entity) (citing Monell, 436 U.S. at 690-92). See Board of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 403 (1997) ("[The Supreme Court] ha[s] required a plaintiff seeking to impose liability on a [local governmental body] under [Section] 1983 to identify a [local governmental] 'policy' or 'custom' that caused the plaintiff's injury."). Importantly, "'a municipality cannot be held liable solely because it employs a tortfeasor or, in other words, a municipality cannot be held liable under [Section] 1983 on a respondeat superior theory.'" Avery v. Burke Cnty., 660 F.2d 111, 114 (4th Cir. 1981) (quoting Monell, 436 U.S. at 691).

Therefore, Section 1983 liability can only attach to Guilford County if "execution of [its] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Collins v. City of Harker Heights, 503 U.S. 115, 121 (1992) (internal quotation

5

marks omitted). Accordingly, Plaintiff must show that a "constitutional injury [wa]s proximately caused by a written policy or ordinance, or by a widespread practice that is 'so permanent and well settled as to constitute a "custom or usage" with the force of law.'" McFadyen v. Duke Univ., 786 F. Supp. 2d 887, 954 (M.D.N.C. 2011) (quoting City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988)), rev'd in part on other grounds, 703 F.3d 636 (4th Cir. 2012). However, the Complaint does not allege that any policy or custom of Guilford County or its officials caused any of the challenged events or otherwise harmed Plaintiff. (See Docket Entry 2 at 1-16.)

Thus, Plaintiff fails to state a viable claim against Guilford County, necessitating dismissal of any such claims under Section 1915(e)(2)(B)(ii).

### II. Guilford County Detention Center & Sheriff's Department

Additionally, the Complaint names Guilford County Detention Center and Guilford County Sheriff's Department as defendants. (See Docket Entry 2 at 2.) However, they do not qualify as legal entities subject to suit and/or persons within the meaning of Section 1983.

"State law dictates whether a governmental agency has the capacity to be sued in federal court. There is no North Carolina statute authorizing suit against a county's sheriff's department." Efird v. Riley, 342 F. Supp. 2d 413, 419-20 (M.D.N.C. 2004)

6

(internal citation omitted); see also Edwards v. Orange Cnty. Jail Sheriff's Dept., No. 1:15cv91, 2016 WL 5417399, at *2 (M.D.N.C. Aug. 19, 2016) (concluding that Orange County Jail and Orange County Sheriff's Department do not qualify as "entit[ies] capable of being sued in federal court"), recommendation adopted, 2016 WL 5415755 (M.D.N.C. Sept. 28, 2016); Capers v. Durham Cnty. Sheriff Dept., No. 1:07cv825, 2009 WL 798924, at *5 (M.D.N.C. Mar. 23, 2009) (holding that "Durham County Sheriff Department is not a legal entity capable of being sued"); Parker v. Bladen Cty., 583 F. Supp. 2d 736, 740 (E.D.N.C. 2008) (dismissing Section 1983 claims against Bladen County Sheriff's Department because it "lacks legal capacity to be sued," as no North Carolina "statute authoriz[es] suit against a North Carolina county's sheriff's department"). To remedy that issue, Plaintiff could potentially name the Sheriff of Guilford County as a defendant, but any such claim would still fail to state any claim for relief. The Complaint describes no personal involvement by the Sheriff in the alleged violations and theories of respondeat superior or liability predicated solely on a defendant's identity as a supervisor do not exist under Section 1983. See Iqbal, 556 U.S. at 677.

Claims against Guilford County Detention Center suffer from a similar flaw. Section 1983 imposes liability only on "persons" who violate a plaintiff's federally protected civil rights, but Guilford County Detention Center "is a building and not a person."

7

Allen v. Correct Care Sols., No. 1:21cv146, 2021 WL 954624, at *2 (M.D.N.C. Mar. 4, 2021), recommendation adopted, 2021 WL 949633 (M.D.N.C. Mar. 12, 2021), aff'd, 853 F. App'x 858 (4th Cir. 2021); see also Allen v. Durham Cnty. Magis. Off., No. 1:20cv90, 2021 WL 6755021, at *4 (M.D.N.C. Sept. 15, 2021) ("Durham County Detention Facility do[es] not qualify as [a] legal entit[y] subject to suit."), recommendation adopted, 2022 WL 286817 (M.D.N.C. Jan. 5, 2022), aff'd, 2022 WL 2987941 (4th Cir. July 28, 2022). Even if Plaintiff substituted the Guilford County Sheriff, as the person responsible for Guilford County Detention Center, the Complaint contains no factual matter showing any conduct by the Sheriff in the operation of Guilford County Detention Center which violated Plaintiff's federal constitutional or statutory rights. (See Docket Entry 2 at 1-16.)

Accordingly, the Complaint fails to state a claim for relief as to these two Defendants, warranting dismissal under Section 1915(e)(2)(B)(ii).

### III. Mail Theft, Tampering, and Confidentiality-Related Claims

For reasons stated in the preceding sections, the Complaint fails to state any claim against Defendants. Assuming for the purposes of discussion each Defendant qualified as a person subject to suit under § 1983, Plaintiff's claims regarding mail theft and tampering or other confidentiality rules/laws remain deficient. The Complaint does not develop factual allegations against

8

Defendants other than the "1st mailed package was mail theft[ and] the 2nd package [was] mail tampering."  (Docket Entry 2 at 4; see id. at 1-16.)  "As such, Plaintiff's allegations [of mail theft and tampering or confidentiality violations] do not rise above the level of mere speculation."  Studivent v. Lankford, No. 1:10cv144, 2010 WL 1568451, at *2 (M.D.N.C. Apr. 16, 2010), recommendation adopted, 2012 WL 1205722 (M.D.N.C. Apr. 11, 2012).

Thus, the Court should dismiss Plaintiff's claims for failure to state a claim pursuant to Section 1915(e)(2)(B)(ii).

## CONCLUSION

This action "fails to state a claim on which relief may be granted," 28 U.S.C. § 1913(e)(2)(B)(ii).

**IT IS THEREFORE ORDERED** that Plaintiff's Application (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**
March 1, 2024